IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

|  |  |  |
|---|---|---|
| NUTRAMAX LABORATORIES, INC. and NUTRAMAX MANUFACTURING, INC., | ) ) ) ) ) | |
| Plaintiffs, | ) | Civil Action No. |
| v. | ) ) | |
| BIOIBERICA, S.A., | ) ) | |
| Defendant. | ) ) | |

### PLAINTIFFS NUTRAMAX LABORATORIES, INC.'S AND NUTRAMAX MANUFACTURING, INC.'S APPLICATION FOR RECOGNITION AND ENFORCEMENT IN PART AND VACATUR IN PART OF A FOREIGN ARBITRAL AWARD

Pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (New York, June 10, 1958), 21 U.S.T. 2517, T.I.A.S. No. 6997, 330 U.N.T.S. 38 ("Convention") and its implementing legislation as set forth in Chapter 2 of the Federal Arbitration Act ("FAA"), Plaintiffs Nutramax Laboratories, Inc. ("Nutramax Labs") and Nutramax Manufacturing, Inc. ("Nutramax Manufacturing") (collectively, "Nutramax Plaintiffs") respectfully request that this Court recognize and enforce in part and vacate or otherwise deem unenforceable in part a final arbitration award issued by a three-member panel of the International Court of Arbitration of the International Chamber of Commerce ("ICC Panel") on December 10, 2021 ("ICC Award").

As more fully described in the Nutramax Plaintiffs' accompanying Memorandum of Law in Support, which is being filed contemporaneously herewith and is hereby incorporated by reference, the ICC Panel's award to the Nutramax Plaintiffs of €5000 in nominal damages for

1

Bioiberica, S.A.'s ("Bioiberica") proven breach of contract regarding trade dress infringement should be enforced, as all conditions for enforcement under the Convention and Chapter 2 of the FAA have been met. However, the portion of the ICC Award to Bioiberica for arbitration costs and fees (totaling €711,968.30, $91,990.56, £18,741.60, and ₣3110.40, plus 10% post-Award interest) should be vacated or otherwise deemed unenforceable under the Convention because it violates public policy by consciously disregarding and/or diametrically inverting U.S. Public policy and the clear meaning of the parties' underlying contractual agreement, specifically the agreement's "prevailing party" fee-shifting provision.

## I.    CONCLUSION

WHEREFORE, the Nutramax Plaintiffs respectfully request that this Court:

    a.    Grant their application for recognition and enforcement of that portion of the ICC Award that awarded them €5000 in nominal damages for Bioiberica's breach of contract regarding infringement of their trade dress; and

    b.    Vacate or otherwise deem unenforceable that portion of the ICC Award that awarded Bioiberica arbitration costs and fees (totaling €711,968.30, $91,990.56, £18,741.60, and ₣3110.40, plus 10% post-Award interest) that the parties' agreement clearly makes available only to a "prevailing party," not an adjudged infringer.

Respectfully submitted,
Nutramax Laboratories, Inc. and Nutramax
Manufacturing, Inc.,
by their attorneys,

K&L GATES LLP


/s/ Jeffrey S Patterson
Jeffrey S. Patterson
Fed Bar No. 6603
jeffrey.patterson@klgates.com
K&L Gates LLP
State Street Financial Center
Boston, Massachusetts 02111
Tel: (617) 261-3100
Fax: (617) 261-3175

NELSON      MULLINS      RILEY      &
SCARBOROUGH LLP

s/ C. Mitchell Brown
C. Mitchell Brown
Fed Bar No. 5283
E-Mail: mitch.brown@nelsonmullins.com
Matthew D. Patterson
Fed Bar No. 7788
E-Mail: matt.patterson@nelsonmullins.com
1320 Main Street / 17th Floor
Post Office Box 11070 (29211-1070)
Columbia, SC  29201
(803) 799-2000

Dated:  December 21, 2021